■ In the Matter of the Arbitration between WALTER W. ROTH et al., Respondents, and PHILIPS, APPEL & WALDEN, INC., et al., Appellants.—Judgment, Supreme Court, New York County (William J. Davis, J.), entered March 22, 1989, which confirmed an arbitration award dated July 19, 1988, and the amended judgment entered April 12, 1989 which substituted a new judgment in place of the prior judgment nunc pro tunc, unanimously affirmed, with costs.

In 1983, petitioners were hired to manage a branch of the securities brokerage firm Philips, Appel & Walden, Inc. (PAW). Robert A. Blatt, chairman and chief executive officer of PAW, owned a majority interest in a certain investment security, which he urged petitioners to "push". However, since petitioners favored other, more traditional investments, Blatt's issues were not "pushed" by petitioners and this action had a negative financial impact on Blatt personally. In 1985, Blatt suffered another business failure relating to another public offering which, if successful, would have put him "on the map" in the securities industry.

Apparently, as a result of these personal losses, Blatt began a vindictive course of conduct against petitioners. Ultimately, through the aid of John Starr (vice-president of PAW) and Milton Goldbert (an employee of PAW), Blatt was able to terminate petitioners as managers of PAW and significantly ruin their future opportunities in the securities industry. In pursuit of this scheme to ruin petitioners, PAW brought a lawsuit against petitioners seeking to restrain them from dealing with any clients of PAW, which suit was eventually abandoned.

Petitioners then filed a claim against respondents alleging, *inter alia,* wrongful termination, interference with economic advantage, conspiracy and defamation. PAW moved in October 1986 to compel arbitration. All claims, except the defamation claims, proceeded to arbitration on December 9, 1986 before the New York Stock Exchange (NYSE). The arbitration consisted of 61 sessions and lasted over one year.

Respondents-appellants urge that since the arbitration was "mandatory", it was subject to a "rational basis" test. *(See, Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493.) However, arbitration is termed "compulsory" or "mandatory" and subject to a broader standard of judicial review when a party to a controversy is statutorily mandated to submit to arbitration *(see, Matter of Shand [Aetna Ins. Co.],* 74 AD2d 442), but not in situations, such as here, where as voluntary participants the parties have chosen to be bound by the constitution and rules of the NYSE, which include arbitration for the resolution of disputes. *(See, Merrill Lynch, Pierce, Fenner & Smith v Hovey,* 726 F2d 1286.)

In any event, the arbitration award withstands judicial scrutiny, even under the broader "rational basis" test, which requires a determination of "whether the award is supported by evidence or other basis in reason, as may be appropriate, and appearing in the record." *(Mount St. Mary's Hosp. v Catherwood, supra,* at 508.) Here, the record demonstrates that respondents committed acts designed to take customers and brokers away from petitioners, and further, that their concerted actions were performed in furtherance of a conspiracy against petitioners.

Respondents also assert that Federal law should apply to this case since interstate commerce is involved. However, even assuming that Federal law does apply, reversal is not mandated since under both State and Federal statutes, the arbitrators' award was supported by ample evidence, and did not violate any applicable standards.

While the individual respondents claim that their liability was improperly imposed derivatively from the breach of contract claim against PAW, the record proves that petitioners sought not only contract damages but also recovery in tort for a preconceived plan by respondents to injure petitioners. The arbitrators were well aware that the allegations sounded in both tort and contract.

Accordingly, the arbitrators' decision, which constitutes a finding for petitioners on their claim for conspiracy to interfere with prospective economic advantage, was rationally based and was properly confirmed. *(See, Central Sq. Teachers Assn. v Board of Educ.,* 52 NY2d 918, 919.)

We have considered the respondents' other claims and find them to be without merit. Concur—Sullivan, J. P., Ross, Rosenberger, Ellerin and Rubin, JJ.